Metcalf, J.
This is an action of replevin, brought against a pound-keeper, for sheep committed to the pound by a field-driver. The action was commenced before a justice of the peace, according to the provisions of the Rev. Sts. c. 113, § 17, and was thence carried to the court of common pleas. At the trial in that court, before Hoar, J., it appeared, by proof or bv admission of the parties, that the defendant was a pound- *264 keeper, duly chosen and sworn; that the plaintiff’s sheep were taken by a field-driver duly chosen and sworn, while they were going at large upon the uninclosed lands held in severalty on the island of Nantucket, of which the plaintiff was one of the proprietors, and were impounded in the town pound; that the plaintiff, before commencing- this action, made a demand on the defendant for the sheep ; and that the defendant refused to deliver them until his own fees, and the fees of the field-driver, should be paid to him. The plaintiff made no objection, at the trial, that proper care was not taken of the sheep, by the defendant, while they were in the pound.
The court ruled that this action could not be maintained against the defendant, and a verdict was taken for him. The plaintiff has brought the case before us, upon exceptions to that ruling.
The single question now to be decided is, whether the action of replevin can be maintained against a pound-keeper for beasts, taken up by a field-driver for going at large, and put into the pound — the pound-keeper merely receiving them into the pound and refusing to let them go, unless his own fees and those of the field-driver are paid. And upon this question we have no doubt.
In Badkin v. Powell, Cowp. 476, an action of trespass was brought against three persons, one of them a pound-keeper, for taking and detaining a cart and horses. It appeared that two of the defendants took the cart and horses as they were standing in a street in London, under the pretence of their being an estray, and carried them to the “ Green Yard,” of which the third defendant was pound-keeper, who insisted upon being paid certain charges before he would deliver them up, which charges the plaintiff paid. It was decided that the pound-keeper was not liable to the action, though the plaintiff had judgment against the other defendants. The grounds of this decision were thus stated by lord Mansfield: “ The pound is the custody of the law. And the pound-keeper is bound to take and keep whatever is brought to him, at the peril of the person who brings it. There is no judgment, no lirection, no written warrant or examination to be had by *265 him. When is the trespass committed by him? He does nothing to ratify it; but only takes the cattle, as he is obliged to do, at the peril of the persons who bring them. If wrongfully taken, they are answerable, not he. It would be terrible, if a pound-keeper were liable to an action for refusing to take cattle in, and were also liable, in another action, for not letting them go. If he goes one jot beyond his duty, and assents to the trespass, that may be a different case. But here he has done nothing beyond his duty.” And Aston, J., said, “ a pound-keeper has nothing to do with the taking; he has only to put the cattle into the pound. The instant they are in the pound, they are in the custody of the law; and if the pound is broken, he cannot bring an action, but the person who dis-trained them.” See Bradby on Distresses, (2d ed.) 177; Hammond’s Nisi Prius, 50.
Such is the common-law; and it is not altered on this point by the Rev. Sts. c. 113. And the reasons for that law apply as well to an action of replevin or trover, as to an action of trespass.
But it was argued for the plaintiff", that although the defendant might not have been guilty of an unlawful taking of the sheep, yet that he was guilty of an unlawful detention of them, and therefore that this action could be maintained against him. The ground of the argument was this: By the Rev. Sts. c. 113, § 1, beasts taken up and distrained by a field-driver,“ for going at large contrary to law,” shall be impounded in the town pound. By § 2, the field-driver is entitled to a certain sum for all animals “ so distrained by him,” and the pound-keeper is entitled to a certain sum, for all animals “ so impounded.” And by § 3, the pound-keeper is forbidden to deliver to the owner any beasts “ so impounded,” until the owner shall pay him his fees, &c., and the fees of the field-driver. From these provisions, it was argued that a field-driver is not entitled to any fees for distraining, nor a pound-keeper to any fees for receiving into the pound, any beasts, except such as are distrained “ for going at large contrary to law,” and that, as it has been decided in Folger v. Field, 3 Cush. 336, that sheep may lawfully go at large on the unin *266 closed lands held in severalty on the island of Nantucket, therefore the plaintiff’s sheep were not distrained “ for going at large contrary to law,” and the pound-keeper could not detain them lawfully, for his own fees and those of the field-driver, after the plaintiff had demanded them to be delivered up.
T. G. Coffin, for the plaintiff.
H. G. O. Colby, for the defendant.
The answer to this argument is, that these statute provisions manifestly apply to the alleged cause of distress and impounding, and therefore that the plaintiff’s sheep were dis-trained and impounded, within the meaning of those provisions, for going at large contrary to law. Whether they were at large at all, or were on the uninclosed lands held in severalty, and if so, whether they were at large contrary to law, were questions which the plaintiff had a right to bring into judgment in a proper action against the proper party. The proper action, in this instance, was replevin or trespass. There seems to have been some doubt, in former times, whether trover could be maintained; but we see no good cause for that doubt. The proper party was the field-driver, who was the actor in the seizure of the sheep, and not the pound-keeper, who was bound to receive them, and who was forbidden by law to deliver them to the plaintiff, until he should pay him his own fees and charges, and the fees of the field-driver. Rev. Sts. c. 113, § 3.
Even in the case of the imprisonment of a man, the jailer is not answerable, if he does nothing more than detain a prisoner delivered to him as arrested on a writ or warrant, though the process be in itself irregular, or be tortiously executed ; unless he acts under the mandate of an inferior court which has not jurisdiction of the cause, or by virtue of a warrant which, on its face, shows the magistrate’s want of jurisdiction. 1 Walford on Parties, 314, 317, 318.

Judgment on the verdict for the defendant.